PETER KREMER *vs.* CHICAGO, M. & St. P. RY. Co.

Argued June 7, 1892. Decided July 22, 1892.

**Land Occupied by Railway Company under License—Revocation.**
Where a railway company enters upon land and constructs its road under the mere license of the owner of the land, such license is a protection for acts done under it; but upon its revocation the company may be ejected from the premises, unless the right to continue to occupy the same is acquired by purchase or condemnation.

**Right of Action not Impaired by Delay.**

    The landowner's right of action is not impaired by mere inaction or delay in bringing suit, within the statutory time.

**Condemnation Proceedings—Assessment of Damages.**

    In condemnation proceedings, the owner is entitled to have his compensation in damages assessed for the injury to the entire tract owned by him, of which the land appropriated by the company is a part, as of the time of the assessment of damages.

**Same—Duty of Jury to Determine.**

    It is for the jury to determine the extent of the injury as affecting different portions of such tract.

**Application in Answer for Assessment of Damages—Dismissal of.**

    Where, in an action for the recovery of land unlawfully occupied by a railway company, the latter, in its answer, asks for an assessment of the damages for the appropriation thereof, under the statute, it is entitled to abandon or dismiss such application at any time before the final submission of the case. But where it fails to assert such right, and asks to amend its answer, or for leave to dismiss or abandon such application for an assessment of damages, and the motion is treated and disposed of as one addressed to the discretion of the court, it will be so treated in this court, and the decision of the trial court will not be interfered with, except in case of abuse of discretion.

Appeal by defendant, The Chicago, Milwaukee and St. Paul Railway Company, from an order of the District Court of Faribault County, *Severance,* J., made July 23, 1891, refusing a new trial.

The plaintiff, Peter Kremer, was at the time of the commencement of this action, and had been since 1886, the owner of thirteen hundred and forty-five acres of land in sections twenty-eight, twenty-nine, thirty-two and thirty-four, in township 105, range 25, Blue Earth County, Minnesota. In 1870, the Minnesota and Northwestern Railroad Company entered upon the premises and graded a road diagonally across the same for a distance of three hundred and seventy-five rods. It afterwards abandoned the premises for three years, and in 1874 sold the line to the Central Railway Company of Minnesota, whereupon the latter company completed the road, and operated it across the premises until 1879, when it sold the line to the Southern Minnesota Railway Company. The latter company

operated the same until May, 1880, when it sold it to the defendant, the Chicago, Milwaukee and St. Paul Railway Company, which last named company has ever since operated the road, and remained in possession of the strip of land.

This action was brought under 1878 G. S. ch. 34, §§ 33–38, to recover from the defendant the strip of land above described, and to recover the sum of $7,000 damages for the withholding of the strip, and for the injury to the rest of the premises by reason of the construction and operation of the railroad across the land. The complaint alleged that the railroad was constructed across the premises without acquiring any right to do so, by condemnation proceedings or otherwise, and that no compensation had ever been made for the taking of said strip of land, or for the damages caused by the construction and operation of the road. The answer of the defendant put in issue plaintiff's title, and alleged that the road was built over the premises with the full knowledge and acquiescence of the owners, and that defendant had used and occupied the land ever since the road was built, without objection or notice that the use was unlawful. The answer then alleged that the lands were necessary to the proper enjoyment of defendant's rights and franchises, admitted that it has made no compensation, but was ready and willing to do so, and asked, in case plaintiff, on the trial, established his right to recover the strip, that the compensation and damages be ascertained by the jury, under 1878 G. S. ch. 34, §§ 33–38.

On the trial, before any testimony was introduced, the defendant moved the court for leave to withdraw all that portion of its answer asking to obtain a condemnation of the lands. The plaintiff objected to the withdrawal and the court denied it. The defendant excepted to the ruling. The case was tried as if it were a proceeding for the condemnation by the railroad company of the lands occupied by it as its right of way. The evidence showed that the strip crossed six of the forty-acre tracts, and there was evidence to support plaintiff's claim that the whole property was used as one farm, though occupied and worked on shares by different tenants. The jury found that plaintiff was entitled to recover the strip of land one hundred feet wide, taken by defendant; that all the lands described in the

complaint constituted a single farm; and assessed plaintiff's damages for the taking said strip of land and for injuriously affecting the balance of the tract at the sum of $4,775. From an order denying its motion for a new trial, defendant appeals.

*A. C. Dunn, John W. Cary,* and *H. H. Field,* for appellant.

The withdrawal of the prayer for condemnation was not a matter of discretion. Defendant had a right to abandon its condemnation proceedings. Lewis, Em. Dom. § 655; *Koerper* v. *St. Paul & N. P. Ry. Co.,* 40 Minn. 132.

Plaintiff was not entitled to recover in any event. At the time of the construction and completion of the railroad, he had no title to any of the land through which the right of way extended. At the time of his purchase, the railroad company was, and had been for years, in open and notorious possession. In the absence of any statute, the right to damages caused by the taking of land for railroad purposes belongs to the owner at the time of the building of the road, and does not pass to a grantee of the land. Mills, Em. Dom. § 66; *Pomeroy* v. *Chicago & Milw. R. Co.,* 25 Wis. 641; *Lawrence' Appeal,* 78 Pa. St. 365; *Davis* v. *Titusville, etc., R. Co.,* 114 Pa. St. 308; *Wabash, St. L. & P. Ry. Co.* v. *McDougall,* 118 Ill. 229; *Chicago & E. I. R. Co.* v. *Loeb,* 118 Ill. 203; *Indiana, B. & W. Ry. Co.* v. *Allen,* 100 Ind. 409; Id. 113 Ind. 308, 581; *Sherlock* v. *Louisville, N. A. & C. Ry. Co.,* 115 Ind. 22; *King* v. *Mayor, etc.,* 102 N. Y. 171; *Central Ry. Co.* v. *Hetfield,* 5 Dutcher, 206.

The statute (1878 G. S. ch. 34, § 33) does not change the rule of the common law as declared in the above cases, and there is nothing in that statute that allows a subsequent purchaser to maintain the action.

If the plaintiff was entitled to recover at all, he could only recover damages to such land as, at the time of the building of the railroad, constituted one entire tract owned by the same person. He is not entitled to damages for any land outside of, or beyond the six forties over which the right of way was taken, which at the time of the completion of the road constituted one farm or tract. *Sennott* v. *St. Johnsburg, etc., R. Co.,* 59 Vt. 226.

*Daniel Buck* and *D. F. Morgan,* for respondent.

Defendant had no right to withdraw at the trial that part of its answer asking for condemnation proceedings.

That a person who acquires title to the land after the completion of the railroad, knowing that the railroad is built upon the premises, can maintain an action for the recovery of the strip of land and damages, is, we think, settled beyond controversy. *Poppenheim* v. *Metropolitan El. Ry. Co.,* 128 N. Y. 436; *Lamm* v. *Chicago, St. P., M. & O. Ry. Co.,* 45 Minn. 71; *Harrington* v. *St. Paul & Sioux City R. Co.,* 17 Minn. 215, (Gil. 188;) *Carli* v. *Stillwater & St. P. R. Co.,* 16 Minn. 260, (Gil. 234;) *Trogden* v. *Winona & St. P. R. Co.,* 22 Minn. 198; *County of Blue Earth* v. *St. Paul & Sioux City R. Co.,* 28 Minn. 503; *Morin* v. *St. Paul M. & M. Ry. Co.,* 30 Minn. 100.

1878 G. S. ch. 34, § 33, expressly gives to the landowner the right to maintain an action against a railroad company to recover land taken, and damages, whether the land was taken with the acquiescence of the owner or not. *Kanne* v. *Minneapolis & St. Louis Ry. Co.,* 33 Minn. 419; *Watson* v. *Chicago, Milw. & St. P. Ry. Co.,* 46 Minn. 321.

Where the land appropriated is part of a larger compact tract, used and occupied as an entirety, it is proper to assess damages to the whole tract in one gross sum. *Sherwood* v. *St. Paul & Chicago Ry. Co.,* 21 Minn. 127; *Wilmes* v. *Minneapolis & N. W. Ry. Co.,* 29 Minn· 242; *Cedar Rapids, etc., Ry. Co.* v. *Ryan,* 37 Minn. 38.

Whether the 1,345 acres were fairly and reasonably used as an entire tract and one farm was a question for the jury, and the finding of the jury on that point in plaintiff's favor should not be disturbed. *Russell* v. *St. Paul, M. & M. Ry. Co.,* 33 Minn. 210; *Minnesota Valley R. Co.* v. *Doran,* 15 Minn. 230, (Gil. 179;) *St. Paul & Sioux City R. Co.* v. *Murphy,* 19 Minn. 500, (Gil. 433.)

VANDERBURGH, J. The plaintiff alleges that he is, and for more than three years has been, the owner of a tract of land in Blue Earth county, containing upwards of 1,300 acres, which is traversed by the defendant's railway. The railroad was constructed upon and

over the land before plaintiff acquired title; but it never obtained the lawful right so to do, by condemnation proceedings or otherwise, and has never paid any compensation for the land occupied by it, or for the damages caused by the construction and operation of its railway thereon. · He therefore seeks by this action to recover possession, to eject the defendant from the premises, and for damages caused by the occupation thereof. The answer takes issue upon the allegations of plaintiff's ownership, and also alleges "that the predecessors in interest of the defendant entered upon and built the railroad over and across the said lands with the full knowledge, consent, and acquiescence of the then owners of the same, and that, ever since its purchase and operation of the said railroad it has continued to use and occupy the said strip of land for its railway purposes until the commencement of this action, without notice from the plaintiff or other persons that its use and occupation thereof was in any manner unlawful, and without objection from the plaintiff or other persons; that the piece of railroad built and constructed as aforesaid is a part of its line of railway from Wells to Mankato, and is necessary to the proper enjoyment of its rights and franchises, and to the discharge of its duty to the public as a carrier of freight and passengers." It also alleges that it is ready and willing to make compensation for the damages arising from the appropriation of the land in question, and therefore asks that they be ascertained as provided by the statute by the jury in this action, if the plaintiff on the trial shall establish his right to recover the said strip of land.

1. The evidence sustained the allegations of plaintiff's title and ownership, and there was no evidence in the case tending to show that defendant's occupancy of the premises was lawful, except that the same was by the license, express or implied, of the grantors of the plaintiff.

If the original entry or subsequent occupancy of the premises, to the time of plaintiff's purchase, was by the license of the grantors of the plaintiff, such license is a protection for any acts done under it; and in any event the plaintiff would have no right of action for use and occupation or trespasses committed by defendant in the con-

struction or operation of its road thereon prior to his purchase, unless he had acquired such right by assignment. It did not pass by the conveyance of the land.

But such license, if any there was, was subject to be revoked at any time by the licensor; and thereafter the defendant would become a trespasser, and the landowner would be entitled to his remedy either in trespass or ejectment, as he might be advised. The sale and conveyance of the land to the plaintiff was by itself a revocation of any previous license, and the plaintiff had a right immediately thereafter to bring his action to recover the possession. *Eggleston* v. *New York & Harlem R. Co.*, 35 Barb. 162; *Miller* v. *Auburn & Syracuse R. Co.*, 6 Hill, 61; 2 Amer. Lead. Cas. (5th Ed.) 576; *Johnson* v. *Skillman*, 29 Minn. 95, (12 N. W. Rep. 149.) Plaintiff's right of action is not impaired by his inaction or delay in seeking his legal remedy. Defendant acquired no rights in the land, or to the possession, by its entry and occupation. On the contrary, it has been a continuous trespasser, except as to acts done under the license. The contention of the defendant that by its entry and possession, and the construction of its road, it lawfully appropriated the land, and that the right to compensation therefor accrued to the plaintiff's grantor, finds no support in the decisions of this court. The title was never divested. It passed to the plaintiff, and as to him the defendant is simply a trespasser; and it can only acquire the right to use the same by grant or condemnation proceedings, as provided by law. *Lamm* v. *Chicago, St. P., M. & O. Ry. Co.*, 45 Minn. 73, 77, (47 N. W. Rep. 455;) *Galway* v. *Metropolitan Elev. Ry. Co.*, 128 N. Y. 132, (28 N. E. Rep. 479.)

The plaintiff was clearly entitled to recover the premises in question unless the defendant availed itself of its privilege under the statute of having its damages assessed in the same action.

2. The court having denied defendant's application to withdraw the claim set up in its answer for an assessment of damages as for a condemnation of the land, the case was heard and disposed of upon the merits of such application, and a verdict rendered, assessing the damages accordingly.

The right of way claimed by defendant, and occupied by it, extends through seven forty-acre tracts or government subdivisions. It claims that plaintiff's damages should be limited to those tracts actually crossed by the railway, and those which at the time of the construction of the road were part and parcel of the tracts so crossed, so as to form therewith entire tracts or bodies of land, owned by one common owner. The court, however, left it to the jury to determine from the evidence whether the body of land in question claimed and owned by the plaintiff when the action was brought and at the time of the trial was so situated, occupied, and used, taken together, as to constitute one farm. It is a well-established rule that the owner is entitled to have his compensation or damages assessed for the injury to the entire tract of which the land appropriated is a part, and mere artificial or nominal lines of division are not material where the several lots or parcels adjoin, and are held and used for a common purpose, so that they may properly be treated as an entirety for the assessment of damages. The evidence tended to show that the whole tract in this case constituted one farm; and though very large in extent, we are not prepared to say that the question was not properly left to the jury. It was for the jury to ascertain the extent and nature of the injury, subject to the rules of law; and if some portions were not affected at all, and some less than others, these were matters which they would be expected to consider in making up their estimate. The court also properly instructed the jury that the damages were to be assessed as of the time of the trial. The condition of the property and state of the title at that time must govern in determining the amount of plaintiff's compensation. It was not material, therefore, that plaintiff's farm had been enlarged by the purchase of adjacent tracts subsequent to the construction of the road, and prior to the condemnation proceedings. Whether the land in question constituted at the time of the trial one tract or farm, and the extent which the whole or any portion thereof might have been injured, were questions for the jury. It is clear that a body of land may be so large, though owned by one person and used for a common purpose, that all portions of it would not be injuriously affected,

and the line would have to be drawn somewhere within reasonable limits; but this would necessarily be determined upon the evidence disclosing the facts and circumstances in each particular case. In this case the damages assessed appear to be very large, but the amount thereof is not among the errors assigned on this appeal.

3. At the trial, before any testimony was introduced, the record shows that "the defendant moved the court for leave to withdraw all that portion of its answer that seeks to obtain a condemnation of the land alleged to be the right of way strip; thereby leaving the issue to be tried as originally made by the complaint, with the denials of the answer." This application, respondent claims, should be interpreted as an application to the court to amend the answer by striking out and eliminating therefrom the claim for an assessment of damages under the statute. Upon the argument in this court, the defendant's counsel insists that it was entitled to abandon the condemnation proceedings as a matter of strict legal right. And this is, we think, the correct view of the law. It differs from the case of *Witt* v. *St. Paul & N. P. Ry. Co.*, 35 Minn. 404, (29 N. W. Rep. 161,) for the reason that in this case such abandonment leaves plaintiff's remedy wholly unimpaired in the suit already pending, for the recovery of his property with damages,—just the remedy he asks for, and is entitled to by law, if he is the owner and there is to be no condemnation. It resembles the case of an ordinary counterclaim in an answer, which the defendant may withdraw before or at any time during the trial, upon the proper notice or order of the court, filed or made part of the record. *Brown* v. *Butler,* 12 N. Y. Supp. 810. But the majority of the court is of the opinion that the defendant did not, by its application, withdraw or show an intention to assert its legal right to withdraw its statutory claim for an assessment, but that it was an application in form addressed to the discretion of the trial judge, and he would have a right to so consider it and dispose of it; and so considered, there was no abuse of discretion in denying it. But I am inclined to think that it was error, because the defendant had the right to abandon, and the application should be deemed as a motion to have the claim for an assessment expunged from the

record, so as to show such withdrawal; and such motions, when the legal rights of the parties are clear, should not be given a strict or technical construction, or deemed discretionary, merely.

This disposes of all·the assignments of error which we deem necessary to consider.

Order affirmed.

(Opinion published 52 N. W. Rep. 977.)