S. A. HOYT, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

Damages from Location of Right of Way: *When not jury question.* Plaintiff owned two tracts of land,—one of 80 acres, on which he lived; and one of 40 acres, situated 80 rods from the other tract. A railroad crossed a corner of the 80-acre tract, and on appeal from the award of damages therefor there was but one witness who testified that the 120 acres constituted one farm, and his testimony as to damages was stricken out. Other witnesses for plaintiff testified that the 40 acres were in no manner affected by the location of the railway, or that it was not a part of the farm at all. *Held*, that the question of damage to the 40-acre tract was properly withdrawn from the jury.

EVIDENCE: *Common knowledge.* In a proceeding to assess damages to land on account of the location of a railway thereon, an instruction that, in connection with the testimony as to damages, the jury may use and be guided by their own knowledge in such matters, was not error.

IMMATERIAL DEFICIENCY IN JUDGMENT: *Appeal.* Where in a proceeding to assess damages to land on account of the location of a railway thereon, the court, in its instruction, made a mistake to the extent of one-tenth of an acre in stating the amount of land taken, and the company offered to add the value of one-tenth of an acre to the amount of the judgment, the judgment should not be reversed on that ground.

Assignment of Errors.   Where an assignment of error relates to a ruling which does not appear in the record, it presents nothing for consideration.

*Argument of.*   Assignments of error which are not argued will · not be considered.

*Same.*   Arguments with reference to rulings which are not assigned as error will not be considered.

*Appeal from Sac District Court.*—HON. S. M. ELWOOD, Judge.

SATURDAY, MAY 24, 1902.

THIS is an appeal from a condemnation proceeding in which plaintiff was awarded damages in the district court in the sum of $290.    The sheriff's jury awarded him $300, and he appeals from the judgment of the district court.— *Affirmed.*

*Conner & Lally* for appellant.

*J. C. Cook* for appellee.

DEEMER D. J.—The defendant made application to the sheriff of Sac county for the appointment of commissioners to assess the damages to the Northwest ¼ of the Northwest ¼ of section 26, township 89, in said county, by reason of the appropriation of a right of way through said land.   Notice of the application was given to plaintiff, Hoyt, and to one Rowlee, his tenant, and commissioners were appointed pursuant to the application, who met, and awarded plaintiff the sum of $300, and the tenant, Rowlee, $25.    Both plaintiff and Rowlee appealed from the award to the district court, where a trial was had with the result above stated.    The case as to Rowlee does not seem to have been presented to the district court, and the plaintiff did not serve notice upon Rowlee of the appeal to this court.    On the trial in the district court plaintiff asked

compensation for damages done to the West ½ of the Northwest ¼ of the section, and also to the Southwest ¼ of the Southeast ¼ of section 22, in said township, which he claimed was a part of his farm. The following plat will show the location of the right of way over the West ½ of the Northwest ¼ of section 26:

## EXHIBIT "A."

Map showing location of C., M. & St. P. R'y through the west half of northwest quarter of section 26, township 39 north, range 36 west.

Plaintiff's house and other improvements stood on the southwest corner of the 80-acre tract. Highways run along the west side and the north end of this tract, and the Southwest ¼ of the Southeast ¼ of 22 is 80 rods west of the highway which runs along the west side of the 80, and the highway on the north of the 80-acre tract runs westward along the south side of the 40. From the plat and this description it will be seen that plaintiff is not compelled to cross the railway track in going from one piece of land to

the other, except as he may wish to pass from the 10.40 acres in the notheast corner of the 80-acre tract to the 40, and that the railway right of way does not touch the 40 acres in section 22. It will be observed that the tracts are not contiguous, but lie 80 rods apart. Appellant complains of some of the rulings on evidence, and to these we shall first give attention.

I. The first assignment of error relates to the sustaining of a motion to strike out the testimony of the witness Rowlee, relating to the value of the land after the right of way was taken out. Turning to the record, we find no such ruling; hence there is nothing to consider.

The next assignment relates to a ruling denying plaintiff's motion to strike out the evidence of one Starr. This is not argued. Rulings with reference to the testimony of one Hart are argued; but there is no assignment of error on which to base the argument.

II. The same may be said of the next assignment of error. If it relates to the testimony of the witness Hart, as the record seems to indicate, there is no argument in support of the assignment. Had there been, no error appears, for the witness stated he did not know the value of the land. On defendant's motion the court withdrew from the consideration of the jury all evidence regarding damages done the Southwest $\frac{1}{4}$ of the Southwest $\frac{1}{4}$ of section 22, and instructed the jury to consider and determine the damages done to the 80-acre tract alone. These rulings are complained of. They present the only serious question in the case. We have already shown how the land lies, and need only refer to some of the evidence tending to show damages to the 40 acres in section 22. The railway does not touch this 40, and it may only be considered in the event it is shown that the entire tract was used as one farm, and that damages to one part fairly and reasonably affected the whole. The rule seems to be that when the separate tracts are adapted

to one use, and are all especially valuable because of adaptability to that use, and are all injuriously affected by the appropriation, they should be treated as constituting one property, and considered as such in the assessment of damages. *Haines v. Railway Co.*, 65 Iowa, 216. Generally, the question of whether or not they should be treated as one tract is for the jury. *Ellsworth v. Railway Co.*, 91 Iowa, 386; *Kremer v. Railway Co.*, 51 Minn. 15 (52 N. W. Rep. 977, 38 Am. St. Rep. 468). In Minnesota it is held, however, that "to constitute unity of property between two contiguous but *prima facie* distinct parcels of land there must be such connection or relation of adaptation, convenience, and actual and permanent use as to make the enjoyment of the parcel taken reasonably and substantially necessary to the enjoyment of the parcel left in the most advantageous and profitable manner in the business for which it is used." *Peck v. Railway Co.*, 36 Minn. 343 (31 N. W. Rep. 217). And in *Cameron v. Railway Co.*, 42 Minn. 75 (43 N. W. Rep. 785), the court held that the owner of farm land consisting of distinct parcels, separated by lands not owned by him, and over which he had no private right of way, was not entitled to have the separate parcels treated as one tract in the assessment of damages. We have not gone to this extent, although we said in *Fleming v. Railroad Co.*, 34 Iowa, 353, where the property was not contiguous, that the value of the property is not to be depreciated by heaping consequence upon consequence; and that in ascertaining the depreciated value of the premises, regard must be had only of the immediate, and not the remote and contingent consequences of the appropriation. As a general rule, however, the question should be left to the jury; but where the tracts are entirely independent, are not contiguous, and there is no evidence that damage to the part actually taken affects the part not touched, the court may and should direct the jury to consider only that part from which the right of way is taken.

The rule being established, we go now to the record. There was but one witness who testified that the 120 acres constituted one farm, and his testimony regarding damage to the entire farm was stricken out on motion for the reason that it was based on an improper estimate, and for the further reason that his evidence showed that the damages done to the 40 acres were wholly speculative and remote, and no proper complaint is made of this ruling. Other nitnesses for plaintiff, testified that the 40 acres were in wo manner affected by the location of the railway. Another witness for plaintiff said the 40 was not connected with the farm at all. This was all the evidence regarding the use of the two tracts and the damages done to the whole, and it is manifest that it does not show, nor would a jury have been justified in finding, that they were so inseparably connected in the use to which they were applied as that injury to the one affected or injured the other. The case is peculiar in this respect, and we think there was no error in confining the damages to the 80-acre tract. *Potts v. Railroad Co.*, 119 Pa. St. 278 (13 Atl. Rep. 291, 4 Am. St. Rep. 646); *Fleming v. Railroad Co., supra*; *Railroad Co. v. Wilkins* 45 Kan. Sup. 674 (26 Pac. Rep. 16.)

III.   One of the instructions given by the trial court was as follows: "You have the right to use your own knowledge of the values of lands, the operating of railroads, and of affairs generally, in connection with the testimony as to the values and damages which has been given by the witnesses. By this is meant that you are not obliged to rely wholly upon the opinions of the witnesses as to the value of this land or as to the damages, but that, in connection with such opinions, you may use and be guided by your own judgment on such matters." This is complained of because it is said to have discredited the testimony of experts, and to have encouraged the jury to disregard the evidence. We do not think either point is tenable. The instruction announced the correct rule, as

we understand it. *Head v. Hargrave,* 105 U. S. 45 (26 L. Ed. 1028); *Green v. City of Chicago,* 97 Ill. 370; *Railroad Co. v. Drake,* 46 Kan. 568 (26 Pac. Rep. 1039); *Bentley v. Brown,* 37 Kan. 14 (14 Pac. Rep. 434); *Patterson v. City of Boston,* 20 Pick. 166; *Stevens v. City of Minneapolis,* 42 Minn. 136 (43 N. W. Rep. 844); *Johnson v. Railroad Co.,* 37 Minn. 519 (35 N. W. Rep. 438)

IV.   In referring to the quantity of land actually taken, the court said in one of its instructions that it was 3.3 acres and in another that it was 3.4.   It is manifest from the plat that there was a mistake of one-tenth of an acre in one of these instructions.   Of this complaint is made.   The attention of the trial court· was not called to this error in the motion for a new trial or otherwise, and it seems to be presented for the first time in this appeal.   Appellee's counsel have offered to allow plaintiff $5 on account of the mistake, which is evidently all that plaintiff is entitled to, and the ·judgment will be affirmed in the event defendant consents to a judgment for $295.

There being no error in the record of which plaintiff may justly complain, the judgment is AFFIRMED.