WILLIAM W. LAWVER v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 5, 1906.

Nos. 14, 524—(128).

**Complaint.**

 The complaint considered, and *held*, as against a general demurrer, to state a cause of action.

Appeal by plaintiff from a judgment of dismissal entered pursuant to an order of the district court for Itasca county, Spooner, J., sustaining a demurrer to the complaint. Reversed.

*Alfred L. Thwing,* for appellant.

*Wm. R. Begg, J. A. Murphy,* and *Heber McHugh,* for respondent.

ELLIOTT, J.

 This is an appeal from a judgment of dismissal on the merits entered pursuant to an order sustaining a demurrer to the complaint. The allegations material for the determination of the questions involved are as follows: On October 17, 1902, the state of Minnesota, being then the owner in fee of certain school lands, sold and agreed to convey the same to the plaintiff herein on the terms stated in the certificate of the commissioner of the state land office, executed and delivered to the plaintiff on that date. The certificate is made a part of the complaint, and recites, among other matters, that on October 17, 1902, the plaintiff purchased the lands in question from the state and made a payment thereon as required by law, and agreed to make further payments at the periods specified in the contract. Under the contract the purchaser was entitled to possession of the land from the time of its execution, and the state reserved therein the right to resume possession at any time in the future, should the purchaser fail to make the deferred payments according to the terms of the contract. It is further alleged that the defendant is now, and ever since October 17, 1902, has been, in possession of a certain portion of the land in question, described in detail in the complaint, and withholds and during all of said time with-

[1] Reported in 105 N. W. 1129.

held the same from the plaintiff, and that the value of the use and occupa-
tion of the premises thus withheld by the defendant since October 17,
1902, is $600; that during all the times aforesaid the defendant has
operated on the premises occupied by it aforesaid a line of railway, and
has wholly failed and neglected to fence said road and to erect and
maintain cattle guards, to the plaintiff's damage in the sum of $500.

The defendant contends that the complaint is demurrable, because it
fails to make the state of Minnesota a party plaintiff or defendant, fails
to state facts necessary to sustain a recovery of damages for a failure to
fence its right of way, and shows on its face that no title, right, or in-
terest whatever in the land occupied as a right of way ever passed to the
plaintiff, but does show that at the date of the plaintiff's purchase the
title had passed to the defendant.

It is not necessary for the purpose of this appeal to consider all the
questions which are raised and discussed by counsel. We are satisfied
that the plaintiff was not required to make the state a party to this ac-
tion, but we do not determine whether the complaint states facts which
will entitle plaintiff to recover damages for the failure of the defendant
to fence its right of way.

The defendant claims that it appears from the complaint that the de-
fendant is a railway corporation, and as section 2670, G. S. 1894, which
was in force at and prior to the time when the plaintiff received his
certificate from the state, authorizes railway companies to enter upon
school lands and take possession of the same, and thus acquire a legal
right thereto upon certain conditions being performed, it should be pre-
sumed that the defendant's possession had been acquired under this
statute, and was therefore lawful. If the defendant acquired title
under this statute, the state could not deprive it of its rights by selling
the lands to the plaintiff; but, as we read the complaint, it does not jus-
tify any inference of this character. The complaint does not show
that the defendant was in possession of the land at the time plaintiff ac-
quired his certificate from the state. The allegation is that ever since
October 17, 1902, the defendant has been in possession of the strip of
land in question. There is no allegation that the defendant had been in
possession of the land before October 17, 1902, or even on that date, and
there is nothing to show that the defendant had any right, title, or just

claims to the lands. It may have been a mere trespasser. The facts are not before us. We know nothing of what the company had done on or prior to October 17, 1902. An allegation that a condition has existed since a certain date does not include that date. "Since" means "after," "from the time of." Monroe v. Acworth, 41 N. H. 199, 201; 7 Words & Phrases, p. 6519.

On broader grounds we think that the complaint states a cause of action. The defendant's title should have been asserted in its answer. That this has been the customary practice appears from an examination of the cases in this court in which similar questions have been raised. See Simonson v. Thompson, 25 Minn. 450; Tuttle v. Chicago, St. Paul, M. & O. Ry. Co., 61 Minn. 190, 63 N. W. 618.

The judgment appealed from is therefore reversed.