## WILLIAM W. LAWVER v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 29, 1910.

Nos. 16,650—(172).

**Right of way across school lands.**
> Chapter 73, Laws 1878, providing for the acquisition by railroads of right of way across school lands of the state, *held* not in conflict with section 2, article 8, of the constitution, requiring school lands to be sold only at public sale.

[1]Reported in 127 N. W. 431.

**Construction of statute.**

The legislative act did not constitute a grant in præsenti to any railroad company; but the way could only be acquired upon the conditions provided in the act, including payment of compensation.

**Performance of statutory conditions.**

A railroad company, taking possession of a right of way across school lands held by the state, acquires no right or interest therein against the state until performance of the required conditions.

**Ejectment by purchaser from state.**

A purchaser of the land from the state succeeds to all the rights of the state, and may maintain ejectment for the land occupied by the railroad.

Action in the district court for Itasca county to recover possession of a strip of land, $600 for its use and occupation, and $500 damages for failure to fence the railroad upon it and for injuries to plaintiff's livestock. The answer admitted possession of the land, set up as a defense condemnation proceedings in the year 1904 by the Duluth, Mississippi & Northern Railway Company from which defendant derived title, and alleged that by virtue of G. S. 1894, § 2670, defendant and its predecessors in interest were empowered to construct a railroad across the land and did construct and operate a railroad thereon. The reply alleged that if the Duluth, Mississippi & Northern Railway Company acquired a right of way across the land, it was merely an easement for the transportation of logs and any such easement had been abandoned.

The case was tried before McClenahan, J., who made findings, and as conclusions of law found that the condemnation proceedings were wholly void; that defendant never had any right, title, interest or easement in or upon the premises; that plaintiff was not entitled to recover possession of the land, nor any damages; that the defendant, the Great Northern Railway Company, at the time of the commencement of this action, was the owner and entitled to the possession and use of the right of way described in the pleadings and in the findings, under the provisions of G. S. 1878, c. 34, §§ 43, 44, and amendments. From the judgment entered in favor of defendant, plaintiff appealed. Reversed and new trial ordered.

*Thwing & Rossman* and *J. W. Reynolds,* for appellant.

*J. D. Armstrong, J. A. Murphy, Thos. R. Benton,* and *W. M. Steele,* for respondent.

O'BRIEN, J.

Plaintiff is the owner of the northwest quarter of the southwest quarter, section 16, township 54, range 22, Itasca county, Minnesota, by virtue of a certificate from the state dated October 17, 1902. The land was part of the school lands of the state. At the time of plaintiff's purchase the defendant's railroad crossed this forty acre tract, and defendant was in possession of that portion of the land which constituted its right of way upon the same. Plaintiff brought this action in ejectment and for the value of the use and occupation since his acquisition of the property. Upon a trial by the court the defendant had judgment, and plaintiff appeals.

The case comes here upon a record which contains only the pleadings, plaintiff's certificate from the state, the court's findings, and the judgment. Therefore the only question presented is the sufficiency of the findings of fact to sustain the conclusions arrived at by the trial court.

The court found the creation as a railway corporation of the Duluth, Mississippi & Northern Railway Company in 1892; the subsequent creation of the Eastern Railway Company of Minnesota, also of the Great Northern Railway Company; the acquisition by the Eastern Company of the railroad and right of way of the Duluth Company, and the subsequent acquisition thereof by the defendant. It will, perhaps, simplify the statement of facts if each of these companies is referred to as defendant, or railroad company. In 1893 the railroad company instituted condemnation proceedings to acquire the right of way over the tract referred to. The court found the proceedings to have been entirely void. In 1894 the railroad company constructed its road across the land and took possession of a right of way one hundred feet in width, and has ever since remained in possession thereof, and has continuously operated its railroad thereon. Plaintiff had full notice of the defendant's occupation of the right of way when he made his purchase in 1902. The certificate from the state contained no exception of the way.

When the railroad company took possession of the way over this land, section 2 of article 8 of the constitution of Minnesota provided concerning school lands: " *   *   *   No portion of said lands shall be sold otherwise than at public sale." At the same time there existed chapter 73, Laws 1878, as amended. The portions thereof material to this case are sections 2670–2672, G. S. 1894, which were:

"Sec. 2670. That a right of way is hereby granted over any swamp, school, internal improvement, agricultural college, or university lands held by the state, to any railroad company proposing to construct, or that has constructed, a railroad over or upon the same on the conditions and terms herein provided.

"Sec. 2671. Such right of way may be fifty feet in width on each side of the center line of the main tracks, except where a greater width is necessary to protect the tracks against snowdrifts, and in such case a width not exceeding one hundred and fifty feet in addition may be taken, subject to the approval of the Governor as to the width to be taken.

"Sec. 2672. Any company desiring such right of way or depot, station grounds, and water stations, shall furnish to the governor a plat showing the line of the road and the right of way, and additional width requisite to protect the track against snow, and the depot, station grounds, and water stations proposed to be taken, with a calculation of the acres contained therein, and on payment to the state treasurer of the sum per acre equal to the appraised value of said land, if the same has been appraised, and, if not appraised, at such rate per acre as the Governor and commissioner of the state land office shall consider a fair appraisal, but not at a rate less than that fixed by the constitution of the state; and upon such payment being made the Governor shall execute to such railroad company such deed or instrument in writing as shall convey the use of such right of way over and upon such land and the use of such land for depot, station ground, and water stations, so long as it shall be used and occupied for railroad purposes."

1. It is contended by plaintiff that the incorporation of the Duluth, Mississippi & Northern Railway Company was never completed, and that only a de jure corporation may exercise the right of eminent do-

112 M.—4.

main, and that the association claiming to be a corporation under that name acquired no rights which it could transfer to the Eastern or Great Northern Companies. In the view we take of this case, it is not necessary to consider this question. It is not disputed that at the time the plaintiff made his purchase the Great Northern Company was in actual possession of the right of way, and the result in this case must depend upon the effect of that possession.

2. It is contended that the statute is repugnant to the constitutional provision we have quoted forbidding the sale of school lands except at public auction. We doubt the soundness of this contention. The constitutional provision was intended to prevent the secret sale and possible sacrifice for an inadequate price of that portion of the public domain granted to the state for educational purposes. The construction of the railroad across such lands would not only bring them into the market, but add materially to their market value. The sale of a right of way by auction would necessarily be farcical or afford a means for preventing a public improvement. In interpreting a constitutional provision, a court is required to use common sense, and place upon it a practical construction, as fully as when construing a legislative enactment. Our conclusion is that, had the statute been complied with, the railroad company would have acquired an easement upon the land for the construction and maintenance of its right of way. State v. Evans, 99 Minn. 220, 108 N. W. 958.

3. The trial court found the condemnation proceedings to have been void. The defendant can claim no title by adverse possession, as the title to the lands was in the state until October 17, 1902. Defendant's claim, therefore, rests exclusively upon what rights it acquired under the statutory provisions.

If the statute contained an unconditional grant in præsenti to the railroad company of a right of way over the land, or made such grant solely upon condition of the location and construction of the road thereon, the defendant has by the location and construction of the road obtained the easement contended for. In our opinion the legislature did not make a grant of that character. Upon the contrary, the grant was made upon condition of furnishing "to the Governor a plat showing the line of the road and the right of way, and addi-

tional width requisite to protect the track against snow, and the depot, station grounds, and water stations, proposed to be taken, with a calculation of the acres contained therein, and on payment to the state treasurer of the sum per acre;   *   *   *   and upon such payment being made the Governor shall execute to such railroad company such deed or instrument in writing as shall convey the use of such right of way.   *   *   * "

There is in this statute no grant of a right of way of definite width, for it is provided that, where more than one hundred feet in width is required additional width may be secured, "not exceeding one hundred and fifty feet in addition." A computation of the acreage taken and a payment of the appraised value, or the constitutional minimum value, and, perhaps most important of all, the execution of a conveyance is required, all of which seem very clearly to be conditions precedent to the acquiring of a right of way by the railroad. It is clear that, while the state stood ready to grant the way for reasonable compensation, certain conditions must first be performed, and the performance of which the officers of the state were required to insist upon before the right of way could be acquired. Red River & L. W. R. Co. v. Sture, 32 Minn. 95, 20 N. W. 229; Radke v. Winona & St. Peter R. Co., 39 Minn. 262, 39 N. W. 624; Spokane Falls & N. Ry. Co. v. Ziegler, 61 Fed. 392, 9 C. C. A. 548.

Counsel for defendant contend that the actual construction of the road was a sufficient compliance with the statute, and that in view of its continued occupation of the property the state must be held to have waived the performance by it of all conditions. We cannot so hold. In Chicago v. Englehart, 57 Neb. 444, 77 N. W. 1092, the supreme court of Nebraska construed a statute very different from the one here in question. The decisions of this court cited to support this proposition are clearly distinguishable. The statute was entirely different in Simonson v. Thompson, 25 Minn. 450, and Tuttle v. Chicago, St. P., M. & O. Ry. Co., 61 Minn. 190, 63 N. W. 318. Coleman v. St. Paul, M., & M. Ry. Co., 38 Minn. 260, 36 N. W. 638, was determined by the effect to be given an act of congress. The statute now under consideration amounted to an offer to sell a right of way

over lands held by the state. It cannot be invoked as giving the corporation the privilege of taking the land without compensation.

4. It is urged that plaintiff took his deed with full knowledge of the existence of the railroad, and was therefore charged with notice of its rights. Conceding this to be true, he was not charged with notice of any rights which the railroad company did not possess as against the state. The state never attempted to grant a right of way across the land in question until the railroad company had complied with the statute upon the subject and compensated it for the property to be taken. The state would not have been estopped prior to the sale of the lands from asserting its title. By its unconditional conveyance to the plaintiff it conveyed to him all its rights in and over this forty acre tract, and it follows that plaintiff was entitled to judgment. Watson v. Chicago, M. & St. P. Ry. Co., 46 Minn. 321, 48 N. W. 1129; Kremer v. Chicago, St. P., M. & O. Ry. Co., 51 Minn. 15, 52 N. W. 977, 28 Am. St. 468; Betcher v. Chicago, M. & St. P. Ry. Co., 110 Minn. 228, 124 N. W. 1096.

Judgment reversed, and a new trial ordered.