B. F. YOUTZY, Appellee, v. CITY OF CEDAR RAPIDS,
Appellant.

**Eminent domain:** EVIDENCE OF VALUE: OTHER SIMILAR PROPERTY. In
1 the condemnation of property evidence of the comparative value
of other similar property in the same neighborhood is admissible,
taking into consideration location, accessibility, improvements and

other incidents and surroundings affecting the desirability of the premises in the eyes of purchasers; and the location of such other property concerning which evidence may be received is largely a matter of discretion with the trial court whose ruling will not be disturbed unless an abuse is shown.

Same: INSTRUCTIONS. In condemnation proceedings instructions that the jury should return such a verdict as will be just and right under the evidence when guided by the instructions, and that it may exercise its own knowledge and judgment in connection with the evidence in determining the value of the property, are proper; especially where the parties are relying upon expert evidence to prove the value.

Same: EXCESSIVE VERDICT. While the court is no less ready to interfere and set aside a clearly excessive verdict in condemnation proceedings than in other actions, still the fact that the landowner is an unwilling seller and forced to yield his property to the general public, often at a great inconvenience if not actual loss, is a matter worthy of 'some consideration when considering the question of reduction of damages.

*Appeal from Linn District Court.*—HON. F. O. ELLISON, Judge.

THURSDAY, JANUARY 12, 1911.

PROCEEDINGS for condemnation of certain real estate for public uses. Plaintiff appealed from the award of damages returned by the sheriff's jury, and on trial in the district court the award was materially increased. A new trial being denied, the defendant appeals.—*Affirmed.*

*Frank C. Byers,* for appellant.

*Barnes & Chamberlain,* for appellee.

WEAVER, J.—The only question at issue in this case is the amount of the award of damages. The city has condemned and taken the property for public uses, and concedes plaintiff's right to recover its fair value. It is

contended, however, that the verdict is excessive, and that certain errors were committed by the trial court for which a reversal should be ordered. Many of the objections raised have been considered by this court and decided adversely to appellant's contention in *Ranck v. Cedar Rapids,* 134 Iowa, 564, a case quite similar to the one at bar, and we shall not attempt to reopen their discussion at this time except to say that we are not disposed to overrule that precedent.

Complaint is first made that expert witnesses upon the question of real estate values in the neighborhood of the lot to be condemned were permitted to speak of property so far removed as to mislead the jury, and to introduce an improper element into their consideration of the award to be made.

1. EMINENT DO-MAIN: evidence of value: other similar property.

It is, of course, the duty of the trial court to put some reasonable limit upon the range to be allowed parties in the introduction of evidence of this character. The property to be used by way of comparison or illustration should be in the same neighborhood or so nearly similar to the one in question that knowledge of the former, and of its value, will afford some degree of aid to the intelligent and fair-minded juror in estimating the value of the latter. The lot being condemned may not have been bought or sold for many years. Its owner may never have put it upon the market or placed a price upon it. Its value is of necessity to be deduced very largely from observation of the prices that other property in the neighborhood has commanded when offered for sale, taking into consideration comparative location, accessibility, improvements, and all other incidents and surroundings which ordinarily affect the desirability of such premises in the eyes of purchasers. The term "neighborhood" is one of quite indefinite meaning, and it may well be that in some cases the trial court will permit the inquiry to take a wider territorial range than it could allow in others. Certainly this

court can not attempt to fix a standard of measurement, and say as a matter of law that the similar property concerning which inquiry may be made is such only as may be found within a given number of feet, yards, or blocks of the property condemned. Counsel for appellant argues, in effect, that, as the word has been used in cases of this class, "neighborhood" has reference only to adjoining property, but we think this cannot be. The reasonable proposition is that the trial court is vested with discretion to draw the line in each case as shall seem just under all the circumstances developed by the testimony, and that, unless abuse of such discretion is shown, its ruling will not be held reversible error.

In one paragraph of its charge the court instructed the jury that they should return "such verdict as would be just and right under the evidence, guided by these 2. SAME: instructions." In another paragraph the instructions. jury were told as follows: "You have the right to use your own knowledge of the value of property, and affairs generally, in connection with the testimony as to the values which have been given by the witnesses. By this is meant that you are not obliged to rely wholly upon the opinions of the witnesses as to the value of this lot with the building thereon, but that, in connection with such opinions, you may use and be guided by your own judgment on such matters in reaching your final conclusion." It is contended for appellant that the paragraph last quoted is wrong in principle, and that, in any event, the two propositions so submitted to the jury are inharmonious. Neither objection can be sustained. The first-mentioned instruction lays down the elementary rule that the verdict returned must be found from the evidence, and adds thereto the equally well-settled rule that this function is to be performed by the jury with due regard to the law of the case as laid down in the court's instructions. Among these instructions is the one last quoted, the effect of which

is that, in considering the testimony and arriving at the truth of the controversy, they are not required to disregard their own experience and judgment as men. They are not told that they may disregard the evidence or to fix the value of the property arbitrarily in accordance with their own notion. The exercise of their own knowledge and judgment is suggested only "in connection with the testimony," and that taking the testimony into consideration and testing it in the light of their own intelligent judgment draw therefrom what they believed to be the proper conclusion. And this we think is right. It is especially applicable to cases where the contending parties rely upon testimony of expert witnesses to prove the value of property. An instruction in substantially the same form and in a similar case was approved by us in *Hoyt v. Railroad Co.*, 117 Iowa, 301.

Other objections to evidence have been argued by counsel. They present no question which is not already fairly well settled in our decisions, and we therefore do not undertake their more extended discussion. It is sufficient that we find therein no error calling for a reversal of the judgment below.

The amount allowed the plaintiff would seem to be liberal, but, in view of all the evidence, it is not so large as to clearly indicate a verdict influenced by passion and prejudice. The court should be, and doubt-

3. SAME: excessive verdict.

less always will be, no less ready to interfere and set aside a clearly excessive verdict in condemnation proceedings than in actions of another character, but it is to be remembered that in such proceedings the lot owner is not a willing seller of his property, and he is forced to yield his title and surrender his estate in the interest of the general public, not infrequently to his great and irreparable inconvenience, if not actual loss. It is therefore inevitable that juries looking at the apparent natural equities of the case and deciding between the in-

dividual and the public at large are inclined to solve the doubts if any in favor of the former. With the court sitting in supervision over verdicts ready to put its veto upon any apparent wrong this tendency is a healthful one, and does not often result in any marked injustice.

We are further asked to reduce the amount taxed under the statute for the service of the appellee's attorney. The sum allowed by the trial court is clearly justified by the testimony taken.

The principal question in the case is one of fact. It has been decided against the defendant, and the ends of justice will not be promoted by further prolonging the litigation.

The judgment appealed from is *affirmed.*